NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRUDY STANFORD, | No. 24-6644 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-00642-CSD |
| v. | MEMORANDUM[*] |
| JOSEPH MICHAEL LOMBARDO; JACK ROBB; ROB BOEHMER, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Craig S. Denney, Magistrate Judge, Presiding[**]

Submitted March 16, 2026[***]

Before: SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Trudy Stanford appeals pro se from the district court's judgment dismissing

her action alleging federal and state law claims arising from a dispute over funds

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from a deferred compensation account. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6) based on issue preclusion. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). We affirm.

The district court properly dismissed Stanford's action because the issue of whether she is the proper beneficiary of funds from a deferred compensation account has already been litigated and decided in a final judgment on the merits in her prior state court suit. *See Hardwick v. County of Orange*, 980 F.3d 733, 740 (9th Cir. 2020) ("[A] federal court considering whether to apply issue preclusion based on a prior state court judgment must look to state preclusion law." (internal quotations omitted)); *Pike v. Hester*, 891 F.3d 1131, 1138 (9th Cir. 2018) (setting forth the elements for applying issue preclusion under Nevada law).

**AFFIRMED.**